FILED

MAR - 2 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                ) Case No. 06-24904-C-7
                                     )
ROSA NINA DRIGGERS,                  ) MC No. MEA-2
                                     )
         Debtor.                     )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO RECONSIDER ORDER DENYING MOTION FOR RELIEF FROM
AUTOMATIC STAY AND REQUEST TO VACATE ORDER NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtor filed her voluntary chapter 7 petition on

November 21, 2006. She scheduled real property commonly known as 8960 Sierra Nevada Way, Elk Grove, CA ("property") as property of the estate. The first meeting of creditors was held on December 14, 2006. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. Debtor was discharged from all dischargeable debts on February 16, 2007.

On December 1, 2006, Countrywide Home Loans, Inc. ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $420,000.00. Movant has a lien on the property in the approximate amount of $396,617.04. There is no evidence of other liens against the property.

Movant's Motion for Relief from Automatic Stay was heard on January 9, 2007, in which the court denied the motion without prejudice for lack of prosecution. On January 29, 2007, movant filed a Motion to Reconsider Order Denying Motion for Relief from Automatic Stay and Request to Vacate Order.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1). The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue. See L. Bankr. R. 9014-1(f)(1). The evidentiary record is closed. Id.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is

Case 06-24904    Filed 03/02/07    Doc 35

necessary.

## Conclusions of Law

Under <u>Federal Rule of Civil Procedure</u> 60(b), a court may relieve a party from judgment or order for "mistake, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment," if an appropriate motion is brought within a reasonable time.

Thus, movant's Motion to Reconsider Order Denying Motion for Relief from Automatic Stay and Request to Vacate Order is granted.

The automatic stay of acts against debtor <u>in personam</u> expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtor appears to have some equity in the property, since the debtor was granted a discharge, the

automatic stay has expired as to the debtor. Thus, it is ordered upon reconsideration that the Motion for Relief from Automatic Stay insofar as it is directed at the interest of the debtor is moot and will be denied.

However, the Motion for Relief from Automatic Stay will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: March 2, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Rosa Nina Driggers
8960 Sierra Nevada Way
Elk Grove, CA 95624

Mark A. Wolff
8861 Williamson Drive, #30
Elk Grove, CA 95624-7920

Routh Crabtree Olsen
Marisol Antonio, Esq.
505 N. Tustin Ave., Suite 243
Santa Ana, CA 92705

Prem N. Dhawan
P.O. Box 965
Benicia, CA 94510

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 2/7/08

_____
Deputy Clerk